**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **FERNANDO JOSUE EFRES-PINZON #A243-034-344** | **CIVIL ACTION NO. 2:26-CV-01214 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN ALLEN PARISH PUBLIC SAFETY COMPLEX ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 4) filed by pro se Petitioner Fernando Josue Efres-Pinzon ("Efres-Pinzon"), an immigration detainee at Allen Parish Public Safety Complex in Oberlin, Louisiana. Efres-Pinzon seeks release from detention.

Because Efres-Pinzon is no longer detained, the Petition (Doc. 4) should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

## I.     Background

Efres-Pinzon is a native and citizen of Venezuela who was granted voluntary departure on April 28, 2026.[1]  He did not appeal.  *Id.*

---

[1] https://acis.eoir.justice.gov/en/caseInformation

According to the online detainee locator service, Efres-Pinzon is no longer detained.[2] Court staff verified the online information with the Government—Efres-Pinzon has been removed.

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id*. Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*.

Additionally, an alien who has been finally removed from United States is not "in custody," as required for a court to have the power to grant a writ of habeas

---

[2] https://locator.ice.gov/odls/#/results

corpus.  *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241.

Efres-Pinzon has been deported and is no longer in custody.  Therefore, the case is moot.

## III.   Conclusion

Because the case is moot, IT IS RECOMMENDED that the Petition (Doc. 4) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 22nd day of June, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE